IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

TUPELO SERVICE FINANCE, INC.                                              PLAINTIFF

V.                                                    CAUSE NO.: 1:10CV315-SA-SAA

KENLYNN ADAY                                                              DEFENDANT/
                                                                THIRD-PARTY PLAINTIFF

V.

BLUE CROSS BLUE SHIELD OF GEORGIA, INC.,           THIRD-PARTY DEFENDANT

MEMORANDUM OPINION

Tupelo Service Finance, Inc., filed a complaint in the Lee County Court on July 6, 2010, against Kenlynn Aday. Plaintiff alleged Defendant failed to pay medical bills owed to Plaintiff for services rendered by the North Mississippi Medical Center.

Aday requested and was granted leave to file a third-party complaint against Blue Cross Blue Shield of Georgia, Inc. That third-party complaint prayed that in the event a judgment is entered against Aday, Blue Cross would be liable for the amount of such judgment for its failure to pay the balance of Aday's claims. The third-party defendant removed the case from the County Court of Lee County to this federal court on the basis that Aday's claims against Blue Cross implicated the Employee Retirement Income Security Act of 1974 (ERISA).

Tupelo Service Finance seeks to remand this case on the basis that Aday's joinder of the third-party defendant was "improper as the claim is not ripe and is premature." [8]. Additionally, Aday seeks to voluntarily dismiss her third-party complaint against Blue Cross without prejudice [11].

Blue Cross acknowledges that Aday's claims against it are "separate and independent from

the Tupelo Service's claims against Aday."  The third-party defendant likewise does not object to Aday's voluntary dismissal of the third-party complaint.  Blue Cross does, however, request to be reimbursed the fees and expenses expended in the removal of the proceeding, filing of an answer, and responding to the Motion to Remand.

Federal Rule of Civil Procedure 41(a)(2) allows the court to, at plaintiff's request, dismiss an action "on terms that the court considers proper."  The Court finds after reviewing the pleadings, responses, rules and authorities, that it is proper to dismiss third-party plaintiff Aday's complaint against third-party defendant Blue Cross Blue Shield of Georgia, Inc.  Because Blue Cross failed to include an itemization or affidavit of expenses resulting from the premature litigation, the Court denies third-party defendant's request for fees.  Third-Party Plaintiff Aday's Motion to Dismiss Third-Party Defendant [11] is GRANTED without prejudice.

As Aday's third-party complaint has been dismissed, there is no longer an ERISA issue outstanding; thus, there is no federal jurisdiction over the controversy between Aday and Tupelo Service Finance, Inc.  Accordingly, Plaintiff Tupelo Service Finance, Inc.'s Motion to Remand [8] is GRANTED, and this case is remanded to the County Court of Lee County.

SO ORDERED, this the 8th day of June, 2011.

    /s/ Sharion Aycock  
    **U.S. DISTRICT JUDGE**